**UNITED STATES of America ex rel. Joseph John FOURNIER**

v.

**Warren PINTO, Appellant.**

**UNITED STATES of America ex rel. John SCHLATTER**

v.

**The STATE OF NEW JERSEY and Howard Yeager, Principal Keeper, New Jersey State Prison, Trenton, New Jersey, Appellants.**

**Nos. 17499, 17500.**

United States Court of Appeals Third Circuit.

Argued Oct. 25, 1968.

Decided Feb. 11, 1969.

**540**

Victor Librizzi, Jr., Deputy Atty. Gen., Dept. of Law and Public Safety, Trenton, N. J., for appellants.

Walter J. Fessler, Lum, Biunno & Tompkins, Geoffrey Gaulkin, Frohling & Gaulkin, Newark, N. J., for appellees.

Before HASTIE, Chief Judge, and SEITZ and ALDISERT, Circuit Judges.

## OPINION OF THE COURT

HASTIE, Chief Judge.

The state of New Jersey has taken this appeal from a judgment of the District Court for the District of New Jersey granting habeas corpus to two state prisoners who are serving long prison terms pursuant to their joint trial and conviction by a jury on a charge of armed robbery.

The critical issue in this case was litigated in the state courts on direct appeal. It was contended there that during the trial the prosecutor had called a witness whom he knew or should have known was himself implicated in the wrongdoing and would claim privilege against self-incrimination; that the witness did refuse to answer all questions put to him; that such an occurrence tends to prejudice the jury against the accused, and that a prosecutor's indulgence in such tactics constitutes reversible error. In the Superior Court this matter was decided upon conflicting affidavits disputing the factual issue whether the prosecutor knew or should have known that the witness would probably claim his Fifth Amendment privilege. In these circumstances, the court was unable to find as a fact that the prosecutor had such information concerning the intention of the witness as would make questioning him before the jury an improper tactic calculated to induce a claim of privilege and thus to prejudice the jury. Accordingly, the convictions were affirmed. State v. Fournier, 1966, 91 N.J. Super. 477, 221 A.2d 225. Petitions for certification were denied by the New Jersey Supreme Court.

The same trial incident has provided a basis for the present federal habeas corpus petition challenging the essential fairness of the trial. However, the district court, different from the New Jersey courts, conducted a full hearing, featuring the testimony of several witnesses, to determine what information the prosecutor had about the witness in question and his intention to refuse to testify. The opinion of the district court discusses the evidence and incorporates an affirmative finding that the prosecutor "knew or had knowledge of facts that put him upon notice that inquiry should be made as to whether the witness would refuse to testify before he put him on the stand." Our own review of the testimony before the district court satisfies us that this finding was

adequately supported by both direct and circumstantial evidence.

Many courts that have considered episodes of this kind in varying circumstances have found that the refusal of a prosecution witness to answer all, or all but the most innocuous, questions tends to prejudice the defendant.[1] United States v. Tucker, 3d Cir. 1959, 267 F.2d 212; Fletcher v. United States, 1964, 118 U.S.App.D.C. 137, 332 F.2d 724; United States v. Amadio, 7th Cir. 1954, 215 F.2d 605. "When a witness claims his privilege, a natural, indeed an almost inevitable inference arises as to what would have been his answer if he had not refused. If the prosecution knows when it puts the question that he will claim the privilege, it is charged with notice of the probable effect of his refusal on the jury's mind." United States v. Maloney, 2d Cir. 1959, 262 F.2d 535, 537.

At the same time we are mindful of the observation of the Supreme Court that "none of the several decisions dealing with this question suggests that reversible error is invariably committed whenever [the prosecution causes] a witness to claim his privilege not to answer in the presence of the jury. Rather, the lower courts have looked to the surrounding circumstances in each case, focusing primarily on two factors, each of which suggests a distinct ground of error. First, some courts have indicated that error may be based upon a concept of prosecutorial misconduct, when the Government makes a conscious and flagrant attempt to build its case out of inferences arising from the use of the testimonial privilege. * * * A second theory seems to rest upon the conclusion that, in the circumstances of a given case, inferences from a witness' refusal to answer added critical weight to the prosecution's case in a form not subject to cross-examination, and this unfairly prejudiced the defendant." Namet v. United States, 1963, 373 U.S. 179, 186–187, 83 S.Ct. 1151, 1154, 10 L.Ed.2d 278. Cf. Douglas v. Alabama, 1965, 380 U.S. 415, 85 S.Ct. 1074, 13 L.Ed.2d 934.

Since the circumstances of a given case rather than a rule of thumb are likely to be the determinative, we have examined the record of the present petitioners' trial with care. We are satisfied, as was the district court, that the prosecution established a substantial but not overwhelming case of armed robbery against both defendants. The one notable weakness resulted from the contrast between the victim's positive identification of the defendants on the witness stand and his earlier, and to some extent contradictory, statements indicating that because of darkness and other circumstances he did not see his assailants clearly. Thus, the refusal of a witness to answer questions which might have implicated the defendants could well have served to remove doubts concerning the crucial matter of identification from the minds of some of the jurors.

Whether the foregoing considerations, standing alone, would be enough to make the trial fundamentally unfair and thus inconsistent with due process of law, we need not and do not decide. For, in this case, something else occurred with reference to the same subject matter.

In some cases, judges have cautioned the jury that no inference and no evidentiary significance may be drawn from or attached to the refusal of a witness to answer questions. United States v. Amadio, *supra;* United States v. Maloney, *supra.* Other judges, in the absence of a defense request for such a charge, have thought it better to avoid reminding the jurors of the conduct of the witness even by a cautionary instruction. Cf. Namet

---

1. In reviewing the present conviction the New Jersey Superior Court ruled that, where reason exists to believe that a witness would claim privilege against testifying, potential prejudice should be avoided by first putting the contemplated questions to the witness in the absence of the jury, so that if he should justifiably refuse to testify he can be excused without the jury being informed of the episode. State v. Fournier, 1966, 91 N.J. Super. 477, 480, 481, 221 A.2d 225, 227. Accord State v. Cullen, 1968, 103 N.J.Super. 360, 247 A.2d 346, 347.

v. United States, 1963, 373 U.S. 179, 190, 83 S.Ct. 1151, 10 L.Ed.2d 278. In this case no cautionary instruction was requested. However, on his own initiative the trial judge in summarizing the evidence expressly called to the jury's attention the refusal of one witness to testify. The judge charged as follows:

> "The next witness called by the State was Mr. Edwin Hagstram and, as I recall—I may be wrong, I leave that to your recollection—I believe he refused to testify on some constitutional ground."

This unrequested statement that the witness had been called and had "refused to testify on some constitutional ground" was more than a reminder of the occurrence. It was an open invitation to the jury to treat the episode as significant and to draw from it whatever inference they might consider proper.

■ We now can see the picture whole. First, there was the impropriety of the action of the prosecutor in questioning a witness in the presence of the jury when he had reason to believe that the witness would respond, as he did, by properly asserting his privilege against self-incrimination. This may well have created in the minds of the jury an impression or an inference unfavorable to the accused. The harm was then compounded by the judge's ill-advised reference in his charge to the witness's refusal to answer questions in terms which could have served no purpose but to renew, reinforce and sanction whatever prejudicial effect the episode may have had at the time of its occurrence. And this cumulation of prejudicial state action occurred in a case where the prosecution's case was not overwhelming and, standing alone, might well have left the jury with a reasonable doubt as to the identity of the robbers.

In these circumstances, we hold that the related unwarranted acts of the prosecutor and the court combined to constitute unfairness in the state's administration of the trial process amounting to a denial of due process of law. The district court properly concluded that the petitioners were entitled to habeas corpus and that the state was entitled to subject them to a new trial.

The judgment will be affirmed.

SEITZ, Circuit Judge (concurring):

I concur in the result reached by the court but for the reason that the petitioners have been denied the right of confrontation under the Sixth Amendment. I thus avoid any possible implication that a determination of prosecutorial misconduct of the type here involved is an indispensable prerequisite to the determination that a defendant has been deprived of his federal constitutional rights.

In the case before us, the prosecutor, as part of the state's case, called a witness and asked him a series of questions designed to elicit testimony connecting him with the petitioners and corroborating the state's evidence on the issue of petitioners' identification. The witness pleaded the 5th Amendment to all the questions. His silence could have been used by the jury as evidence against the petitioners on the crucial issue of identification, upon which issue the evidence was not otherwise overwhelming. Thus critical weight was added to the case against petitioners in a form not subject to cross-examination, and there resulted unfair prejudice to petitioners. Douglas v. Alabama, 380 U.S. 415, 85 S.Ct. 1074, 13 L.Ed.2d 934 (1965).